**E-filed 10/26/2007**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| NGOC TUY CHAU,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS RIDGE, as Secretary of the Department of Homeland Security; EDUARDO AGUIRRE, Director of U.S. Citizen and Immigration Services; DAVID STILL, as Director of the United States Citizenship & Immigration Services for San Francisco, California,<br><br>　　　　　　Defendants. | Case Number C 07-02267 JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>[re: docket no. 5] |

## I.  BACKGROUND

Defendants Thomas Ridge, as Secretary of the Department of Homeland Security; Eduardo Aguirre, as Director of U.S. Citizen and Immigration Services; and David Still, as Director of the United States Citizenship and Immigration Services for San Francisco, California ( "USCIS"), move to dismiss the petition of Plaintiff Ngoc Tuy Chau ("Chau") for hearing on

---

[1] This disposition is not designated for publication and may not be cited.

replacement of a naturalization document. For the reasons stated below, the motion will be granted, without leave to amend.

Chau became a naturalized citizen of the United States on January 17, 1990. Complaint at Ex. A. On September 26, 2006, Chau filed a Form N-565 Application for Replacement of Naturalization/Citizen Document, asking the USCIS to change the date of birth listed on her certificate of naturalization from December 7, 1959, to December 7, 1949. *Id.* The USCIS denied the application on January 19, 2007. *Id.* In its Decision Notice dated January 19, 2007, the USCIS informed Chau that if she wished to appeal, she had to do so within thirty days of the date of the notice. *Id.* Chau did not filed a notice of appeal within this time period. Declaration of Martha C. Ramirez.

On April 25, 2007, Chau filed the instant petition pursuant to 8 U.S.C. § 1447(b). Complaint at ¶ 6. On June 29, 2007, Defendants filed the instant motion to dismiss Chau's action. Plaintiff did not file opposition to the motion. By stipulation of the parties, the motion was submitted without oral argument.

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). Although the Court generally may not consider any material beyond the pleadings when ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997), it may consider documents that are attached to and part of the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. However, the Court "is not required to accept legal conclusions cast in the form of factual allegations if

those conclusions cannot reasonably be drawn from the facts alleged." *Id*. at 754-55.  Motions to dismiss generally are viewed with disfavor under this liberal standard and are granted rarely. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

### III.  DISCUSSION

Defendants assert that the instant action should be dismissed because Chau has failed to state a claim upon which relief may be granted and because this Court lacks jurisdiction. Defendants' point is well-taken.

Chau brought this action pursuant to 8 U.S.C. § 1447(b).  Defendants correctly note that this statute has no application to this case. Chau has been a naturalized citizen since January 17, 1990. Complaint at Ex. A.  Section 1447(b) provides that if the USCIS has failed to adjudicate an individual's application for naturalization within 120 days following examination of the individual with respect to the application, the individual may ask this Court to adjudicate the naturalization application.  Chau is not challenging an application for naturalization, rather she is challenging the denial of her Form N-565 application, as to which it appears she has waived her statutory right of appeal.

Chau has not filed an opposition to Defendants' motion to dismiss.  Accordingly, Defendants motion to dismiss will be granted, without leave to amend

### IV.  CONCLUSION

Good cause therefor appearing, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED, without leave to amend.

IT IS SO ORDERED.

DATED: October 26, 2007.

JEREMY FOGEL
United States District Judge

1 | Notice has been electronically mailed to:
2 |
3 | Joseph Tse             joseph@lunlaw.com
4 | Edward A. Olsen        edward.olsen@usdoj.gov

4

Case No. C 07-2267 JF
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFEX2)